Gen. 103]                                                                103

**COURTS AND JUDGES – CIRCUIT COURTS — STATE'S ATTORNEY — AUTHORITY TO INSTITUTE COURTHOUSE SECURITY PROCEDURE**

March 15, 1993

*The Honorable Paul H. Weinstein*
*County Administrative Judge*

You have asked for our opinion on your authority, as County Administrative Judge, to institute certain courthouse security procedures. Additionally, you ask whether employees of the Office of the State's Attorney must comply with your administrative order that requires courthouse employees and officials to obtain identification cards through the Sheriff's Office, to comply with security procedures established by the Sheriff for persons entering the courthouse, and to vacate the premises if the Sheriff sounds an alarm in the event of a perceived emergency in the building.

For the reasons set forth below, we conclude as follows:

1.    A County Administrative Judge has authority to institute reasonable courthouse security procedures.

2.    The State's Attorney and the staff of that office may be required to comply with lawfully established courthouse security procedures that do not interfere with the performance of their statutory duties.

**I**

**Authority Over Courthouse Security**

"[C]ourthouse premises are subject to the control of the court." *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966). As a necessary incident of the administration of justice, a judge has the power to maintain order in the court. *Philip v. Tollett*, 330 F.Supp. 776, 780

(E.D. Tenn. 1971). Thus, as a general matter, the issuance of orders relating to courthouse security are an aspect of a court's inherent powers.

Security for the court and individual judges, under common law, was provided by the sheriff. Attorney General Burch, quoting an old treatise, summarized the sheriff's duty of attendance on the court:

> "In England it was incumbent upon [the sheriff] to meet the judges on their progress through their circuits, usually upon the borders of the county, escort then to the assize town with much display and antique ceremonial, procure for them suitable quarters, attend them with his under-sheriff, and a sufficient corps of deputies and bailiffs during their settings, and at the close of the term speed the parting guests with the like demonstrations of respect with which they were welcomed.
>
> "In the United States these formalities have been generally disregarded .... [I]n general the substance of the common law duties of the sheriff toward the courts has been preserved, but the effete formalism of the past has fallen into desuetude.
>
> "The judge looks to [the sheriff] for whatsoever in the way of material adjuncts may be necessary or convenient in discharging his judicial duties, and the sheriff must not fail to meet this expectation. He is, of course, required to have a suitable number of deputies to meet any emergency that may arise, and in some states is authorized to summon constables of the county, who, for the time, perform in part, at least, the duty or deputy sheriffs."

57 *Opinions of the Attorney General* 614, 615-18 (1972) (quoting Murfee, *A Treatise on the Law of Sheriffs and Other Ministerial Officers* 194-96 (2d. 1890)).

In Maryland, the duties of the sheriff are the common law duties that existed at the time of the adoption of the Maryland Constitution and such greater or lesser duties subsequently prescribed by the General Assembly; the common law duties included attendance upon the court. *Green v. State*, 122 Md. 288, 89 A. 608 (1914). *See also Rucker v. Harford County*, 316 Md. 275, 287, 558 A.2d 399 (1989). The Court of Appeals has observed "that ordinarily sheriffs retain the powers they possessed at common law including ... providing security for courts ...." *Soper v. Montgomery County*, 294 Md. 331, 336-37, 449 A.2d 1158 (1982). In *Soper*, the Court further noted that while "[t]he Legislature has codified some of the common law duties of the sheriffs ... it has not substantially diminished those common law duties, but rather has left them essentially intact." 294 Md. at 337.

The functions of the sheriff are controlled "by State common law, by the General Assembly *and by the judiciary* ...." *Rucker v. Harford County*, 316 Md. at 287 (emphasis added). The sheriff's attendance upon the courts is a duty exercised "for the convenience of the courts." *Green v. State*, 122 Md. at 195. As Attorney General Burch suggested, situations sometimes arise that require the court to request additional assistance from the sheriff's office: "The exact nature of this assistance and the circumstances which would make it appropriate are better resolved by the courts and the sheriff's office which have fuller knowledge of those facts and circumstances, working as they do with those problems on a daily basis." 57 *Opinions of the Attorney General* at 621.

A request for overall courthouse security ordinarily would be initiated by the County Administrative Judge. Under Maryland Rule 1200 d 2, a County Administrative Judge, subject to the general supervision of the Chief Judge of the Court of Appeals and the direct supervision of the Circuit Administrative Judge, is responsible "for the administration of justice and for the administration of the court for which he is County Administrative Judge." Whatever the scope or applicability of Rule 1200 in other contexts, the rule provides a mechanism for the court's exercise of a power that, in *this* context, is within its inherent authority. Therefore, the County

Administrative Judge, in the judge's supervisory capacity, may request the sheriff of the county to exercise the sheriff's common law duty of attendance upon the court by providing such reasonable measures for courthouse security.[1]

An Attorney General's opinion cannot appropriately comment on the feasibility or appropriateness of the particular measures contemplated for the Montgomery County Courthouse. In and of itself, a requirement that courthouse personnel wear identification badges is reasonably related to courthouse security − by, for example, readily identifying those who are permitted access to areas not open to the general public. How such a requirement relates to overall security planning, however, and whether it should be implemented in advance of other measures, are policy matters best left to continued discussions among the County Administrative Judge, Sheriff, State's Attorney, and County officials.

## II

### Applicability of Courthouse Security
### Procedures to the State's Attorney and Staff

The State's Attorney is a constitutionally established office separate from the Judiciary. Maryland Constitution, Article V of the Maryland Constitution. *See State v. Lykins*, 43 Md. App. 472, 406 A.2d 289 (1979), *modified*, 288 Md. 71, 415 A.2d 1113 (1980); *State v. Hunter*, 10 Md. App. 300, 270 A.2d 343 (1970). While the office of the State's Attorney is independent in the exercise of its statutory powers, it is subject to some powers and authority of the court. As stated in the *Hunter* case, "State's Attorneys, like other attorneys, are officers of the court and subject to its contempt powers where their conduct is deserving of such condemnation .... Delineating the powers and authority of the courts, in relation to that of the State's Attorney, is a matter of some difficulty, properly to be considered in light of the constitutional separation of powers doctrine." 10 Md. App. at 305. In *Lykins*, the Court noted that "[a]

---

[1] As a practical matter, the level of assistance that can be afforded by the sheriff may be affected by budgetary constraints. We have not been asked, and therefore do not address, the potential impact of insufficient county resources on security measures sought by a court.

healthy respect for the delicate balance of powers upon which our democratic institutions rest compels that [the Court] brook no lightly assumed interference by the judicial branch of government with the function of that independent branch of government and that [the Court] not arrogate unto [the judicial] branch supervisory powers which the Constitution does not bestow." 43 Md. App. at 473.

The Constitution does bestow upon the Judiciary authority over administration of the courts. Article IV, §18(a) of the Maryland Constitution. The Court of Appeals has not adopted a rule addressing courthouse security; however, as indicated in Part I above, it has adopted Maryland Rule 1200, delegating to a County Administrative Judge responsibility for administration of the court for which the judge serves as administrative judge. Moreover, the common law authority of the court extends to courthouse security. As discussed in Part I, we conclude that the circuit courts have authority to make administrative rules reasonably related to courthouse security.

We perceive no undue interference with performance by the State's Attorney and staff of the statutory duties of that office simply by a requirement that they comply with reasonable courthouse security procedures. The procedures in question involve obtaining an identification card through the Sheriff's office, following security procedures established by the Sheriff for persons entering the courthouse, and vacating the premises if the Sheriff sounds an emergency alarm.[2] Requiring compliance with an administrative order establishing reasonable courthouse security procedures is not the type of direct interference with the statutory duties of the State's Attorney that was involved in the *Hunter* and *Lykins* cases.[3]

---

[2] While the administrative order contains a provision permitting the Sheriff or his deputies to take into custody persons who do not comply with the security procedures, we assume that such extreme action would be reserved for emergency situations. Otherwise, this provision would be unreasonable. In the case of courthouse personnel who do not wear the required identification cards, such persons simply would be required to comply with the procedures established for members of the general public entering the courthouse.

[3] In *Hunter*, the circuit court dismissed a valid indictment prior to trial to evidence the court's dissatisfaction with the prosecutor's pretrial

(continued...)

**III**

**Conclusion**

In summary, it is our opinion that the County Administrative Judge has authority to institute reasonable courthouse security procedures, and the State's Attorney and his staff may be required to adhere to those procedures.

J. Joseph Curran, Jr.
*Attorney General*

Julia M. Freit
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

---

[3] (...continued)
performance, particularly his failure to properly summons State witnesses. 10 Md. App. at 305. In *Lykins*, the circuit court dismissed the indictment, on motion of the defendant, because the State's Attorney had once represented the defendant in a civil matter. 43 Md. App. at 474.